

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4915
Re: Whether State Superinten-
dant must approve transfer
agreement under Section 2,
Article VIII of current
rural aid bill (Acts 1941,
47th Leg., R. S., Ch. 549,
H. B. 224, p. 880)

We have received your letter of recent date which we quote in part as follows:

"Article 2657 of the Revised Civil Statutes grants to the State Superintendent of Public Instruction certain prerogatives among which is the following:

'. . . in all cases wherein the pro-visions of the school law may require in-terpretation in order to carry out the designs expressed therein, also in cases that may arise in which the law has no provisions, and where necessity requires some rule in order that there may be no hardships to individuals, and no delays or inconvenience in the management of school affairs. (Acts 1905, 29th Leg., R. S. Ch. 124, Sec. 25, p. 271.)'

"Article 2699, Revised Civil Statutes, pro-vides in part:

'. . . and provided further that all the children residing in a school

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

district may be transferred to another
district, or to an independent district,
upon such terms as may be agreed upon by
the trustees of said districts interested.
(Acts 1905, 29th Leg., R. S. Ch. 124,
Sec. 92, p. 288)'

"Section 2, Article 8 of the Rural Aid Law,
page 243 of the Public School Laws of Texas, reads
as follows:

"'For the school years thereafter,
upon the agreement of the Board of Trus-
tees of the Districts concerned or on
petition signed by a majority of the
qualified voters of the district and
subject to the approval of the County
Superintendent and the State Superinten-
dent, a district which may be unable to
maintain a satisfactory school may trans-
fer its entire scholastic enrollment for
one year to an accredited school of
higher rank.'

"My interpretation of this Section 2 is that
it contains two ways by which school children may
be transferred for the duration of one year: first,
it may be done by an agreement between the two
boards of trustees concerned; and second, on peti-
tion signed by a majority of the qualified voters
of the district and subject to the approval of the
County Superintendent and State Superintendent.
My interpretation with reference to this section
of the law is corroborated by the last proviso in
Article 2699, as quoted above. It seems to me that
any other construction than this would do violence
to the general statute just referred to.

"I do not believe there is any conflict between
the two statutes. One is supplementary to the other,
and method number two of transferring as referred to
herein is an addition to number one as corroborated
by the general statute.

Honorable l. A. Woods, page 3


"Do you agree with me on this interpretation?
If not, why not?"

You wish to know whether you, as State Superinten-
dent, must under Section 2 above quoted approve the transfer
when the boards of trustees of the districts involved have
agreed to such transfer. It is our opinion that your approval
is required.

In the case of McCorkel, County Superintendent v.
District Trustees of Robinson Springs School Dist. No. 76 of
Comanche County et al., 121 S. W. (2d) 1048, the court had
before it for consideration the following provision of the
1937 rural aid bill (Acts 1937, Ch. 474, Sec. 17):

"'Transfer of Entire District. On the agree-
ment of the board of trustees of the districts con-
cerned or on petition signed by a majority of the
qualified voters of the district and subject to the
approval of the County Superintendent and State
Superintendent, the trustees of a district which
may be unable to maintain a satisfactory school may
transfer its entire scholastic enrollment, or any
number of grades thereof, to a convenient school of
higher rank, and in such event, all of the funds of
the district, including the State aid to which the
district would otherwise be entitled under the pro-
visions of this Act, or such proportionate part
thereof as may be necessary, may be used in carry-
ing out said agreement.'"

One can readily see the similarity of this provi-
sion and the one under consideration. In fact, with the
exception of the word "the" inserted in the 1941 act, the
language providing for the approval of the transfer by the
State Superintendent is the same in both acts. The court
held that the approval of the county superintendent and the
State Superintendent was required whether the transfer was
made on agreement of the trustees or on the petition signed
by a majority of the qualified voters. We quote the follow-
ing from the opinion of the court:

". . .It (Section 17) simply authorizes the trus-
tees of certain districts which may be unable to
maintain a satisfactory school therein to make the
transfer provided for, subject to the conditions
specified, among which being that the transfer be
subject to the approval of the County Superinten-
dent and State Superintendent. . . .

". . . Also, in either case, we think the transfer is to be made 'subject to the approval of the County Superintendent and State Superintendent.'" (Parenthetical insertion added)

We are of the opinion that this case precludes any holding other than that the approval of the State Superintendent is required on all transfers made under Section 2 of Article VIII. You have informed us that you have heretofore approved all transfers made under Article VIII. You have, therefore, met the requirements of the rural aid bill.

We do not think that the conclusion which we have reached means that there is any conflict in Section 2 and the general law. Section 2 merely sets up a way in which the entire enrollment of a school may be transferred under the condition specified, and provision is made for the payment of aid to the receiving district. It is too elementary to require citation of authority that before money can be paid out under an item of appropriation, the terms under which the appropriation is made must be met. Both the statutes which you cite in your letter were in the statute books at the time that the McCorkel case was decided. As we have stated before, it is our opinion that the McCorkel case is binding on this department as to the conclusion announced.

You are, therefore, respectfully advised that the approval of the State Superintendent is required on all transfers made under Section 2 of Article VIII of the rural aid bill whether the transfer is on agreement of the trustees or on petition of the qualified voters. The answer to your question is a negative one for the reasons heretofore given.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks
Assistant

GWS:ld
APPROVED OCT 19, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN